UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRENDA MOHLER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | 1:05-cv-1162-RLY-WTL |
| | ) | |
| STANDARD INSURANCE COMPANY, | ) | |
|     Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO EXCLUDE THE TESTIMONY AND OPINIONS OF JOHN SARGENT AND MOTION TO PARTIALLY EXCLUDE THE TESTIMONY AND OPINIONS OF DR. HAKE AND DR. HUGENBERG**

This matter is before the court on Defendant Standard Insurance Company's ("Standard") Motions to Exclude Testimony and Opinions of John Sargent and Partially Exclude the Testimony and Opinions of Dr. Hake and Dr. Hugenberg. Standard moves to exclude all testimony by John Sargent ("Mr. Sargent"), Plaintiff Brenda Mohler's ("Mohler") expert designated to testify on the issue of Standard's breach of the covenant of good faith and fair dealing under Indiana law. Standard moves to exclude only the testimony and opinions by Dr. Hake and Dr. Hugenberg that Mohler is "disabled." For the reasons set forth below, the court **GRANTS** Standard's motions.

**I.  Introduction**

Mohler brought this action against Standard as a result of Standard's denial of Mohler's claim for disability benefits under her disability insurance policy issued by Standard. Mohler brought claims for breach of contract, breach of the covenant of good

1

faith and fair dealing, and emotional distress. Standard counterclaimed for reimbursement of benefits overpaid to Mohler. Standard then moved for partial summary judgment on Mohler's claims for breach of the covenant of good faith and fair dealing and emotional distress and its counterclaim for reimbursement. The court, in its Entry on Defendant's Partial Motion for Summary Judgment and Motion for Summary Judgment on Counterclaim, filed contemporaneously with this Entry, granted Standard's partial summary judgment motion on Mohler's claims for breach of the covenant of good faith and fair dealing and emotional distress but denied Standard's motion on its counterclaim for reimbursement. As a result, Mohler's claim for breach of contract and Standard's counterclaim for reimbursement remain.

As noted in the court's Entry on Defendant's Motion for Partial Summary Judgment and Motion for Summary Judgment on Counterclaim, the court does not rely on any of the testimony that is the subject of this Entry. With respect to Dr. Hake and Dr. Hugenberg, the court found their deposition testimony irrelevant in deciding whether Standard breached the covenant of good faith, as the relevant evidence was Standard's claim file on which Standard based its decision to deny Mohler's claim. With respect to Mr. Sargent, Mohler did not present his opinion as evidence in response to Standard's motion. Thus, the court did not consider it. Therefore, the remaining purpose for the testimony at issue is for trial on Mohler's breach of contract claim and Standard's reimbursement counterclaim.

## II. Discussion

### A. Dr. Hake and Dr. Hugenberg

Standard seeks to exclude any testimony and opinions by Dr. Hake and Dr. Hugenberg that Mohler is "disabled" because the methodology they employ does not comply with Federal Rule of Evidence 702 and the requirements set forth in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 595 (1993). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. The *Daubert* factors used to determine the reliability of an expert include (1) whether the expert's method or technique has been tested; (2) whether the expert's method or theory has been subjected to peer review; (3) the known or potential error rate of the expert's method; and (4) whether the expert's method has gained general acceptance. *Daubert*, 509 U.S. at 593–94.

In this case, Standard seeks to prevent Dr. Hake and Dr. Hugenberg from testifying that Mohler is "disabled." More specifically, Standard takes issue with "the ability of these doctors, under Rule 702, to opine that Mohler is disabled under the policy of insurance at issue." (Standard's Reply Brief at 4). Her policy defines "disability" as being completely unable to perform the essential duties of one's normal occupation for two years due to sickness, bodily injury, or pregnancy, and after that period, being unable

3

to perform the essential duties of any occupation for which one is qualified due to sickness, bodily injury, or pregnancy. (Record at 165, Standard Ex. A to Motion for Partial Summary Judgment). The policy definition of "disability" thus involves both the questions of (1) what the essential job duties of her normal occupation and any occupation for which she is qualified include and (2) whether she would be able to perform those duties with her illness.

To the extent that Dr. Hake and Dr. Hugenberg want to testify that Mohler is "disabled" under the policy definition, they could not so testify. They are not vocational experts qualified to give testimony on the job duties of specific occupations. Rather they are Mohler's treating physicians more qualified to testify about their medical observations and treatments.

However, this case presents a rather unusual situation. Mohler has not indicated that Dr. Hake and Dr. Hugenberg will testify that Mohler is "disabled" under the policy definition. Additionally, neither doctor purports to be a vocational expert qualified to testify about job functions of certain occupations. They purport to be nothing more than Mohler's treating physicians, and Mohler does not indicate otherwise. Thus, Standard's motion to preclude Dr. Hake and Dr. Hugenberg from testifying that Mohler is "disabled" under the policy definition is premature, and in the court's view, unwarranted. However, as the motion to exclude has been made and it is within the court's authority to rule on it, the court **GRANTS** Standard's motion to exclude Dr. Hake and Dr. Hugenberg from testifying that Mohler is "disabled" under the policy definition.

**B.     John Sargent**

Standard also seeks to exclude the testimony of Mr. Sargent, Mohler's expert on the issue of Standard's breach of the covenant of good faith and fair dealing under Indiana law.  (Deposition of John Sargent ("Sargent Dep.") at Ex. 3, Standard Ex. to Motion to Exclude).  "Under Seventh Circuit law, a witness may not offer 'opinions about legal issues that will determine the outcome of a case.  That is, they cannot testify about legal issues on which the judge will instruct the jury.'" *Bartlett v. State Farm Mut. Auto. Ins.*, No. IP 01-0510-C-H/K, 2002 WL 31741473, at *4 (S.D. Ind. Nov. 27, 2002) (quoting *United States v. Sinclair*, 74 F.3d 753, 758 n.1 (7th Cir. 1996)).  In *Bartlett*, a case involving a claim for bad faith denial of insurance coverage, this court granted the defendant insurer's motion to strike the affidavit of plaintiff's good faith expert because the expert's opinion "as to what constitutes evidence of bad faith under Indiana law" overstepped the permissible bounds of the material to which an expert may testify.  *Id*.

The present case is analogous to *Bartlett*.  In his deposition, Mr. Sargent testified that his expert testimony will opine whether Standard denied Mohler's insurance claim in bad faith based upon insurance industry standards.  (Sargent Dep. at 34).  His "methodology" involves reviewing the medical file chronologically to determine whether Mohler received a fair evaluation of her insurance claim, i.e., whether Standard denied her insurance claim in bad faith.  (Sargent Dep. at 37).  As noted in *Bartlett*, it is not the appropriate role of a expert witness to review Mohler's insurance file and decide whether it evidences a bad faith denial by Standard of Mohler's claim.  That is a role for the jury.

Moreover, as the court granted Standard's motion for partial summary judgment on Mohler's bad faith claim, Mr. Sargent's testimony is no longer relevant to the case. Federal Rule of Evidence 402 provides: "Evidence which is not relevant is not admissible." FED. R. EVID. 402. Thus, Mr. Sargent's testimony is inadmissible.

Because Mr. Sargent's testimony is inappropriate as expert testimony and because it is not relevant to the remaining claims in Mohler's case, the court **GRANTS** Standard's Motion to Exclude the Testimony and Opinions of John Sargent.

### III. Conclusion

For the reasons set forth above the court **GRANTS** Standard's Motion to Partially Exclude the Testimony and Opinions of Dr. Hake and Dr. Hugenberg (Docket # 39) and Motion to Exclude the Testimony and Opinions of John Sargent (Docket # 33).

**It is so ordered** this 26th day of January 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jack A. Kramer
HOEPPNER WAGNER & EVANS
jkramer@hwelaw.com

Bridget O'Ryan
boryan@indy.rr.com